UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANA WALKER, an individual,<br><br>                      Plaintiff,<br><br>v.<br><br>IDAHO STATE POLICE, an Administrative Agency of the State of Idaho, and JOHN/JANE DOES I-V, whose true identities are unknown,<br><br>                      Defendants. | Case No. 1:20-cv-00493-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Idaho State Police's motion to dismiss the first amended complaint. For the reasons explained below, the Court will deny the motion.[1]

## BACKGROUND

In her amended complaint, (Dkt. 17), Plaintiff Shana Walker alleges the following facts.

---

[1] The Court has determined that oral argument would not assist the Court and would serve only to delay these proceedings further. D. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Walker was hired as a Trooper for District Four patrol in January of 2017, and graduated from ISP Trooper Advanced Training Academy on April 28, 2017. She remained employed by ISP until her employment was terminated on January 18, 2019.

Walker alleges that, throughout her employment, she endured continuous, ongoing, unwanted sexual advances and inappropriate and disparaging comments amounting to a hostile work environment and gender discrimination. She alleges that she informed her supervisors of the unwanted and unwelcome conduct, but her complaints were ignored and, as a result, she claims she was targeted for adverse employment action.

Walker includes several examples in the first amended complaint of the harassing and discriminatory conduct she allegedly endured, beginning during Trooper Advanced Training Class in approximately Spring of 2017, and continuing throughout 2018, up through the termination of her employment.

Walker contends she was singled out for termination from employment because of her gender, and because she rejected sexual advances by coworkers and superiors, and reported their conduct. Walker contends that, when the opportunity presented itself to terminate her employment, ISP did so. ISP accused her of intentionally falsifying an affidavit in connection with her divorce proceedings, and despite her contention that she made an honest mistake and later corrected it, ISP launched an investigation and terminated her employment. In contrast, she alleges her ex-husband, who also worked for ISP, was permitted to resign in lieu of termination, and no investigation was initiated against him. Walker alleges she continues to be subjected to discrimination and

retaliation, because ISP's actions after her termination from ISP have hindered her ability to obtain employment in law enforcement.

Walker's amended complaint[2] contains two counts alleging a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et. seq.* Count One is titled, "gender discrimination/sexual harassment/hostile work environment." Walker contends that throughout the course of her employment, the co-workers and supervisors named in the amended complaint created an abusive and hostile work environment in which she was harassed and discriminated against because of her gender. She alleges she endured harsher treatment than her male counterparts throughout her employment, up to and including her termination. She claims that the wrongful treatment was severe enough to alter the terms and conditions of her employment in violation of Title VII, and constituted gender discrimination and sexual harassment.

Count Two is a claim for retaliation in violation of Title VII. Walker asserts that she engaged in protected activity by reporting conduct she perceived to be gender harassment and discrimination, and that ISP and as yet unnamed defendants retaliated by taking adverse employment action against her. Such adverse action included allowing the discrimination and harassment to continue, creating a hostile work environment, and ultimately terminating her employment.

---

[2] Walker filed a complaint on October 21, 2020. In response, ISP filed a motion to dismiss on December 21, 2020. ISP later withdrew its motion upon the filing of Walker's first amended complaint on January 11, 2021. Thereafter, ISP filed its second motion to dismiss on January 25, 2021, which motion is now before the Court.

**MEMORANDUM DECISION AND ORDER - 3**

ISP argues Walker's amended complaint should be dismissed for the following reasons: (1) the sexual harassment claim is entirely time-barred and her gender discrimination claim is substantially time-barred; (2) Walker has not adequately alleged she was qualified for her position at the time of the termination of her employment, and therefore cannot make out a prima facie case of gender discrimination; and (3) Walker has failed to allege facts sufficient to state a claim for retaliation. Each of ISP's arguments are addressed below.

## ANALYSIS

**1.     Motion to Dismiss Standards**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Id*. at 570. A claim is facially plausible when the plaintiff pleads sufficient facts to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id*. Where a complaint pleads facts

that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

Two "working principles" underlie the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79, 129 S. Ct. 1937. Second, only a complaint stating a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc*., 573 F.3d 728, 737 (9th Cir. 2009). This Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Calif. Collection Serv., Inc*., 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

## 2. Judicial Notice

As a preliminary matter, ISP asks the Court to take judicial notice of the documents attached to the declaration of Pam Howland, which include a copy of the administrative charge Walker filed with the Idaho Human Rights Commission (IHRC) and written determinations from proceedings before the Idaho Personnel Commission (IPC) wherein Walker challenged ISP's decision to terminate her employment. (Dkt. 13.) Walker opposes the request, arguing that ISP invites the Court to take notice of the contents of the documents, which in turn converts the motion to dismiss into to a motion for summary judgment.

Generally, under Rule 12(b)(6), the Court may not consider any evidence outside the pleadings without converting the motion into one for summary judgment and giving the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908. The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record." *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866 (9th Cir. 2004). The Court may also take judicial notice of and examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Judicial notice has its limitations, however. There is a distinction between taking judicial notice of undisputed, versus disputed, factual matters. *Wilson v. Amneal Pharms., L.L.C.*, No. 1:13-CV-00333-CWD, 2013 WL 6909930, at *5 (D. Idaho Dec. 31, 2013). While the Court may take judicial notice of the fact certain court documents and other agency records were filed, or that hearings or investigations were conducted, it would be error to take judicial notice of disputed facts attributed to Walker and contained within the records attached to Ms. Howland's declaration. *Id.* (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

Walker refers to the charge of discrimination she filed with the IHRC in the amended complaint at paragraph 7, thereby incorporating the document by reference. The Court therefore finds it proper to take judicial notice of the fact that Walker filed an administrative charge of discrimination with the Idaho Human Rights Commission and EEOC on November 12, 2019, alleging sex discrimination, harassment, and retaliation, and nothing more.

In contrast, the amended complaint makes no reference to the proceedings before the Idaho Personnel Commission, and the allegations in the complaint do not depend upon them. Moreover, it would be improper for the Court to consider the factual findings and conclusions drawn by the IPC, considering Walker contests them. At this stage in the proceedings, ISP attempts to utilize the factual allegations Walker set forth in the IHRC charge, and the factual findings by the IPC hearings officer, as a sword to conclusively establish that Walker did not exhaust her administrative remedies; she was not qualified for her position; and that ISP had a legitimate, non-discriminatory reason for terminating

**MEMORANDUM DECISION AND ORDER - 7**

her employment. In essence, Defendant utilizes the documents to argue the merits of Walker's Title VII claims and ISP's defenses. It is not proper for the Court to take judicial notice of the documents in this manner to reach the merits of the case, and the Court declines to do so.[3]

### 3. Statute of Limitations

ISP first alleges Walker's sexual harassment claim is entirely time-barred, and her gender discrimination claim is time barred except for the claim based upon her termination from employment. Because Walker did not file the charge of discrimination with the IHRC until November 12, 2019, ISP contends the only actionable event alleged in the amended complaint is Walker's termination from employment, which occurred on January 18, 2019, and consequently any claim based upon alleged discriminatory conduct that occurred prior to January 16, 2019, is time-barred.[4]

Title VII provides that an employee who wishes to bring a civil action for gender discrimination must file an administrative charge with the Equal Employment Opportunity Commission no later than 300[5] days after the alleged discrimination

---

[3] The Court was tempted to convert the motion to dismiss to a motion for summary judgment, and deny the motion for summary judgment based on the disputed issues of fact presented upon review of the amended complaint and IPC order alone. However, this then could have precluded ISP from filing a motion for summary judgment following discovery. Counsel for ISP is cautioned against filing serial motions to dismiss or disguised Rule 56 motions at the early stage of litigation. Fed. R. Civ. P. 1. If presented with such motions in the future, the Court may not only consider summary dismissal of the motion but also an order prohibiting defense counsel from filing a later motion for summary judgment. *Id*.

[4] Based upon a filing date with the IHRC of November 12, 2019, the 300-day limitation period began on January 16, 2019.

[5] The statutory provision's 300-day limit, rather than the 180-day limit, applies here because Walker filed her administrative complaint with the Idaho Human Rights Commission. 42 U.S.C. § 2000e–5(e)(1).

**MEMORANDUM DECISION AND ORDER - 8**

occurred. 42 U.S.C. § 2000e–5(e)(1). Failure to file an EEOC complaint within the statutory time limit is not a jurisdictional bar; rather, it is treated as a violation of a statute of limitations, and is therefore subject to whatever defenses are available to a statute of limitations violation—including equitable tolling and estoppel. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (overruled on other grounds in *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001)). The limitation period "protects employers from the burden of defending claims arising from employment decisions that are long past," while still guaranteeing civil rights protections for those who assert their rights promptly. *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980).

A party's federal claims accrue when she discovers that there has been an adverse action, not when she discovers that her employer acted with discriminatory intent. *Coppinger–Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) (citing *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1049–51 (9th Cir. 2008)). Discrete discriminatory acts, such as terminations, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (contrasting retaliation claims, which involve discrete acts, and hostile environment claims, which are "based on the cumulative effect of individual acts").

Although a plaintiff's Title VII claim is barred to the extent that "discrete acts of discrimination or retaliation ... occur outside the statutory time period," a plaintiff's hostile work environment claim is "permissible for the purposes of assessing liability, so long as an act contributing to that hostile work environment claim takes place within the

statutory time period." *Morgan*, 536 U.S. at 105. Equitable doctrines "may either limit or toll the time period within which an employee must file a charge." *Id*.

ISP takes too narrow of a view of Walker's claims. Hostile environment claims are different in kind from claims based upon discrete acts because their very nature involves repeated conduct occurring over time. *Id.* at 115. Here, Walker alleges a continuing course of abusive conduct by co-workers and superiors, including Corporal Bake, Sgt. Grauhaus, Ben Foster, Lt. Robert Rausch, Sgt. Beckner, Michael Hausauer, Trooper Fabrezius, Colonel Ken Wills, Howard Slack, and others, dating from January of 2017 through the date of her termination from employment. Walker's gender discrimination and sexual harassment claims are neither tied to nor dependent upon any particular discrete act; rather, she alleges a long course of continuing conduct. Where discrete acts of discrimination can reasonably be viewed as constituting the same "course of conduct," the statute of limitations does not begin to run until the conduct ceases. *Shelley v. Geren*, 666 F.3d 599, 606 (9th Cir. 2012).

The conduct here did not allegedly cease until Walker's employment was terminated on January 18, 2019. Walker filed the charge of discrimination with the IHRC on November 12, 2019. Therefore, the Court finds the lawsuit is timely filed. *See Egelhoff v. Wyndham Resort Dev. Corp.*, No. 2:11-CV-00007-BLW, 2012 WL 1149299, at *6 (D. Idaho Apr. 4, 2012) (finding statute of limitations did not bar plaintiff's claims where there was a continuing course of conduct); *Morehouse v. Idaho State Dep't of Corr.*, No. 3:11-CV-00167-BLW, 2013 WL 5798702, at *3 (D. Idaho Oct. 28, 2013) (continuing nature of the harassment allows plaintiff to sweep all the acts into her Title

VII claim because the acts "collectively constitute one unlawful employment practice" for purposes of Title VII's limitations period).

ISP's statute of limitations argument is not well-taken for another reason. Even if ISP later proves one or more of the acts occurring prior to January 16, 2019, are discrete acts and therefore not actionable, Walker may still present evidence of the prior acts as background evidence in support of a timely claim. *Morgan*, 536 us at 113. Where the plaintiff alleges that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" these acts "collectively constitute one 'unlawful employment practice.'" *Id.* at 116, 117. As long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id*.

Walker alleges that she experienced sexually harassing conduct by Lt. Rausch and others within the statutory period, which conduct includes the decision to terminate her employment, and later conduct by ISP to decertify her via a POST investigation. The allegations relate this conduct to the earlier harassment by Lt. Rausch and others at ISP, which allegedly created an abusive working environment beginning in the summer of 2017, and continuing throughout Walker's employment. Thus, even if the Court may later find the statute of limitations bars some or all of Walker's sexual harassment and gender discrimination claims, evidence of conduct falling outside of the statutory period may be considered when evaluating ISP's liability.

**MEMORANDUM DECISION AND ORDER - 11**

**4.     Gender Discrimination and Retaliation Claims Under Title VII**

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C. § 2000e–2(a)(1). ISP challenges the sufficiency of the facts pled in support of Walker's claims brought under Title VII for gender discrimination and retaliation. ISP's Rule 12(b)(6) challenge at this stage of the proceedings is without merit.

**A.     *Gender Discrimination***

A prima facie case of gender discrimination requires Plaintiff to show: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) similarly situated men were treated more favorably, or her position was filled by a man. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). ISP contends Walker cannot establish she was qualified for the job, relying upon ISP's decision to terminate her employment based upon the alleged falsification of an affidavit submitted in connection with Walker's divorce proceedings. ISP's assertion that it had a legitimate, non-discriminatory reason to terminate Walker's employment does not, however, negate the well-pled elements of Walker's prima facie case, supported by factual allegations, set forth in the amended complaint.

Taking the facts set forth in the first amended complaint as true, the Court finds Walker has set forth a plausible claim of actionable gender discrimination. ISP does not

challenge that Walker belongs to a protected class, that she suffered an adverse employment action, or that similarly situated men were treated more favorably.

With respect to the second element, ISP argues Walker was not qualified for her position because, by submitting documents under oath in a divorce proceeding that were false, she lied under penalty of perjury, subjecting her to discipline for misconduct. However, the Court finds Walker's amended complaint contains sufficient factual allegations supporting a plausible inference that she was qualified for her position with ISP, regardless of the alleged misconduct committed in connection with the divorce proceedings. Walker claims that male ISP officers who engaged in conduct similar to the alleged fraud in the divorce proceedings retained their positions or were promoted. For instance, Walker alleges that Captain Neth has a letter in his personnel file documenting he lied or misrepresented facts in a report, yet he remains employed with ISP. Similarly, Walker alleges that Lt. Boon has a letter in his personnel file for filing a false police report that his gun was stolen, yet he is still employed. Walker, on the other hand, alleges she made an unintentional mistake on her divorce paperwork that was later corrected, yet her employment was terminated after an investigation. These factual allegations support a plausible inference that the alleged misrepresentation on Walker's divorce paperwork did not render her unqualified for her position.

In sum, it is not for the Court to resolve disputed factual contentions on a motion to dismiss concerning whether Walker was qualified for her position, or whether ISP had a legitimate, non-discriminatory reason to terminate her employment.[6]

B.  *Retaliation Under Title VII*

ISP argues Walker has not plead sufficient facts to raise a retaliation claim, because she failed to allege she engaged in protected activity and she has not alleged a causal link between any protected activity and adverse employment action.

To make out a prima facie case of retaliation in violation of Title VII, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action, and, (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). The requisite degree of proof to establish a prima facie case is minimal. *French v. Idaho State AFL-CIO*, 164 F. Supp. 3d 1205, 1217 (D. Idaho 2016) (citing *Wells v. Fred Meyer Stores, Inc.*, 2006 WL 2472664, at *3 (D. Idaho Aug. 25, 2006), *Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1229 (9th Cir. 1995)).

ISP challenges Walker's allegations as to only the first and third elements. As to the first element, an employee's formal or informal complaint regarding unlawful employment practices is a "protected activity," and a plaintiff need only show that her belief that an unlawful employment practice occurred was "reasonable." *See Passantino*

---

[6] ISP appears to concede as much, recognizing that, "given the additional facts alleged" concerning male employees who were allegedly not disciplined for similar misconduct, "the inquiry is likely to be more fact-intensive and the issue no longer appropriate for resolution at the pleadings stage." (Dkt 22-1 at 14.)

**MEMORANDUM DECISION AND ORDER - 14**

*v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994).

Walker alleges she complained numerous times to her superiors and to human resources concerning what she perceived to be unlawful harassment. For instance, she claims she reported the harassing, discriminatory, and hostile conduct that she outlined in her amended complaint "several times to her supervisors, but her complaints were ignored, she was told she should not be reporting the conduct, and she…was targeted for adverse employment action as a result." Am. Compl. ¶ 11. The examples provided in the amended complaint include Corporal Bake telling her not to report her ankle injury during training; complaining about a male recruit who had threatened her and another recruit; reporting Trooper Fabrezius's inappropriate and sexually charged text messages to Corporal Bake, who allegedly did not initiate an investigation; and reporting Lt. Rausch's sexual advances toward her to Colonel Wills, who discouraged her from further action. Am. Compl. ¶¶ 12, 13, 26, 37. She claims also to have reported misconduct involving an inappropriate Craigslist advertisement published by her co-workers, and being "laughed off." Am. Compl. ¶44. When Howard Slack, the Human Resources Specialist, allegedly began sending inappropriate text messages to Walker in the summer of 2018, Walker alleges she no longer felt comfortable reporting instances of sexual harassment to human resources. Am. Compl. ¶ 43. All of these factual allegations, taken as true for purposes of the motion to dismiss, are sufficient to meet the first element of a prima facie case for retaliation at the pleading stage.

Regarding the third element, a plaintiff may establish a causal link between the protected activity and the adverse action by circumstantial evidence, including the employer's knowledge of the protected activity and a proximity in time between the protected action and the adverse employment act. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *see also Passantino*, 212 F.3d at 507 ("[W]hen adverse decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred.").

The Court finds the allegations sufficient to plead a causal connection between the protected activity and the adverse employment action. Walker contends that, in response to her complaints, she was subject to discipline when her male counterparts were not, that her complaints were ignored and the harassment was allowed to continue, and that, regardless of her explanation for or attempts to correct her mistake in the divorce proceedings, her employment was ultimately terminated because she was considered a "troublemaker." Am. Compl. ¶ 13, 23, 25, 27, 28, 37, 45 – 60, 70 – 77. Although Walker may not have explicitly named each supervisor to whom she reported misconduct, the events described in the first amended complaint are sufficient at this stage to satisfy the pleading standard for the element of causation. Therefore, the Court finds Walker has sufficiently plead a plausible claim for retaliation.

## CONCLUSION

Ultimately, Walker will need to establish the elements of her claims under Title VII, and ISP will need to establish the elements of its affirmative defenses. However, upon a motion to dismiss, the Court may not determine disputed issues of material fact.

**MEMORANDUM DECISION AND ORDER - 16**

The Court declines in this case to consider the extra-record materials ISP submitted as somehow having preclusive effect, especially given the facts as pled in the First Amended Compliant. ISP's motion will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant ISP's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 22) is **DENIED**.

DATED: May 19, 2021

Honorable Candy W. Dale
United States Magistrate Judge